16,188-15

Ex Parte
Danny Cline


Application for Writ of
Habeas Corpus Rebuttal



From: 188th District Court
Gregg County, Texas

Cause 16318-A-14

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 23 2015

Abel Acosta, Clerk

# Table of Content

A. Cline was not given notice or a hearing prior to his release on parole that Special Condition X had been imposed.    page 1

B. Petitioner's arrest was illegal and not made lawful by computer.    page 4

C. Petitioner's punishment was excessive and violates due process.    page 5

D. State presents legal controversy that is relevant and material to this cause of action.    page 7

Verification    page 8

Certificate of Service    page 8

Ex Parte

In Texas Court
of Criminal Appeals
Austin, Texas

Danny Cline

Application for Writ of
Habeas Corpus. Rebuttal

To the Honorable Court:

Ex parte Cline was convicted in 1988 of arson. He was sentence to 50 years and served 25 years before his release to mandatory supervision 12-28-12.

Petitioner has a prior sexual assault conviction out of Waco in 1966, which he discharged in 1973.

As a condition of mandatory supervision the parole panel imposed Special Condition X, which requires petitioner must attend psychological counseling in a sex-offender treatment program.

A. Cline was not given notice or a hearing prior to his release on parole that Special Condition X had been imposed

-1-

by the parole panel.

The State contends that petitioner was properly notified on March 19, 2013. Petitioner had already been released on parole December 20, 2012.

Argument & Authority

Section 508.141 Gov't Code Subsection (g) reads to wit:

"Before a parole panel considers for release on parole an inmate serving a sentence for an offense described by Section 508.187(a), the panel shall require that the inmate submit to an evaluation by an individual or organization that provides sex offender treatment or counseling for the purpose of determining whether the inmate if released pose a threat to public safety." (HB 300)(1999.)

The parole panel failed to conduct a hearing prior to Clines' release 12-28-12.

-2-

However three months after his release the parole office in Tyler informed him the parole panel in Austin had imposed Condition X upon him and he had to comply or it would be grounds to revoke his parole. Under such threats, duress, and coercion, petitioner affixed his signature to the document presented.

Petitioner voiced his protest and gave the parole officer a copy of the law and informed him he was not serving sentence for a sex crime nor against a minor child.

When (p.o.) Rogers took petitioner to counselor Modisette's program, the first words out of Modisette's mouth was "... he's not suppose to be in here." However, after a discussion in privacy, petitioner was told to stay as the parole panel had made Special Condition X as a part of his parole.

Petitioner spent 25 years in prison for arson. He has only the one sexual assault conviction in 1946 and no other sex-related offenses.

-3-

If TDCJ officials believed petitioner was a high risk at commiting the same or similiar offense, he would have recieved counseling while in prison those 25 years.

The parole panel has no excuse for not conducting a hearing before imposing Condition X.

The State's justification that petitioner signed the document is not relevant, as it was obtained through threats, duress, and coercion by his parole officer, who was only carrying out the instructions he had recieved from superiors.

### B. Petitioner's arrest was illegal and not made lawful by the computer.

Petitioner was arrested and hauled to jail by three Smith County Policemen, who were acting outside their jurisdiction in Cherokee County. The fact that the petitioner can not give their names or badge number is irrelevant. The three

-4-

police identified themselves as being from Smith County and all three persons wore Smith County Uniforms. Cherokee County police uniforms are distinguishable and no one from Cherokee County was present when the arrest was made.

Absent proof to the contrary, the petitioner's factual statements must be considered true and correct.

The fact that the police did not have a warrant in their possession makes it even more illegal. The State concedes "[.]... the warrant was in the computer system at the time." (p 24) However this does not excuse the police action. If the warrant was indeed signed 1-14-15 and petitioner was arrested 2-4-15, the police had sufficient time to down-load a copy of the warrant or to have received it in the postal service before making the arrest.

Therefore Petitioner's arrest and the deprivation of his liberty was illegal and unlawful. A copy of the warrant

-5-

as provided by the State only proves it was issued 1-14-15. We have no way of knowing when the police came into the possession of it - only that they did not have the warrant in their possession when they made the arrest.

C. Petitioner's punishment was excessive and violates due process.

As witnessed infra, Cline's arrest and detention was illegal and unlawful, he recieved no due process.

The State wants to make light of the issue by asserting "[H]is parole was not revoked, he was housed at an intermediate sanction facility for a period of time." (p 35).

True enough but the fact remains, Cline was deprived his liberty for 4 months.

What makes it more a denial of due process is the fact that the punishment inflicted was by parolee's ex-parole office Sunday Okum who had been releaved of his duties earlier and replaced by Huey prymus.

-5-

A parole officer who had been relieved of his duties a year prior to the revocation and the revocation on material gathered a year earlier, has no authority to do so. (p.2930)

The Stated did not even address this issue so loose by default.

The State continues to assert that Section 508.182(a) is applicable to the petitioner simply because of his 1966 conviction for sexual assault. The State fails to recognize the limitations set by the statute, to wit: "[T]his section applies only to a Releasee serving a sentence for an offense under..."

508.187(a) does not grant the parole panel the authority to go back 50+ years to a sexual assault case that has already been served.

Even the saving clause of the statute prohibits such use, to wit: "... the changes in law made by this Act apply only to offenses committed on or after the effective date Sept, 1, 2011 of this Act." (p.24)

The statute disqualifies the use of the 1966 sexual assault conviction.

-6-

D. The State presents a legal controversy that is relevant and material to this action.

The State continues to assert that Petitioner's sexual assault conviction was in 1975. Petitioner asserts the conviction was in 1966 and he discharged it in 1973.

Absent any proof to the controversery Cline's factual allegation must be considered true and correct. However in good faith, Petitioner request the Court to subpoena these records.

Cline was released from prison on parole after serving 25 years for arson. He has no sex-related offenses except the one in 1966, and none against a minor. He works daily for Tx DOT and attends church regularly.

The State's contention that the retroactivity of Article 62.002 T.C.C.P. would make petitioners 1966 conviction qualify is mistake. (p. 38) The Statute applies only to Offenses committed on or after Sept. 1, 1970. (p. 38)

The parole panel can not reimburse me for the $3,000 that they cost me when I was locked up, but this Court can make sure they do not

-7-

the authority to do so again by ruling in favor of the petitioner. Signed under penalty of perjury.

So moved and executed this 18th Sept. 2015

respectfully,
Danny Cline
Danny Cline

Certificate of Service

On this same date, petitioner sent the sent the State a copy of the forgoing instrument.

Danny Cline
Danny Cline

-8-